# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Daniel Haller,

      Plaintiff,

vs.

Thomas Lipps, et al.,

      Defendants.

Case No. 1:11-CV-291

## O R D E R

This matter is before the Court on motions to dismiss filed by Defendants Hamilton County Board of Commissioners, Hamilton County Department of Job and Family Services, and Magistrate Denis Holtmeier (Doc. No. 12), Defendants Michael Bachman, Penelope R. Cunningham, Patrick Dinkelacker, Sylvia S. Hendon, Lee H. Hildebrandt, Thomas Lipps, J. Howard Sunderman, and Ralph Winkler (Doc. No. 13), and the Supreme Court of Ohio and the State of Ohio (Doc. No. 14), Magistrate Judge Bowman's Report and Recommendation of December 28, 2011 (Doc. No. 23) recommending that the motions be granted, and Plaintiff Daniel Haller's objections to the Report and Recommendation (Doc. No. 25). For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Defendants' motions to dismiss are well-taken and are **GRANTED.**

Magistrate Judge Bowman thoroughly reviewed the facts

and the law applicable to Plaintiff's claims in this case in her Report and Recommendation. Therefore, only a brief summary is required here. Plaintiff filed claims for alleged federal constitutional claims arising of two separate state court proceedings. One was a suit he filed to establish paternity of a minor which the state courts ultimately rejected for failure to comply with certain administrative prerequisites. The second was a telephone harassment complaint that apparently was decided against him. Plaintiff essentially alleges that the courts in these two cases violated his constitutional right to due process and equal protection of the laws by ignoring and suppressing evidence, ignoring the law, and creating an environment of bias, prejudice and harassment. He apparently claims that these problems are endemic throughout the state court system and need to be remedied by this Court. Plaintiff has sued all of the judicial officers, from the magistrates in the court of common pleas up through the Supreme Court of Ohio, who were involved in his two lawsuits. Plaintiff has apparently included the Hamilton Board of Commissioners in this case because he believes they are vicariously liable for the conduct of the state courts. Plaintiff has also sued the Hamilton County Department of Job and Family Services for failure to protect the minor child that was the subject of his suit to establish paternity. Finally, Plaintiff has included state law claims for intentional

infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision.

Having reviewed the Report and Recommendation de novo pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and Plaintiff's objections to the Report and Recommendation, the Court concludes that Magistrate Judge Bowman's analysis was correct in all respects.

1. Plaintiff's federal constitutional claims against the various judicial officers is barred by the Rooker-Feldman doctrine because granting Plaintiff relief on these claims would require this Court to review the correctness of the state court judgments. Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003). Moreover, the judicial officers are entitled to absolute judicial immunity from suit in both their individual and official capacities. Dixon v. Clem, 492 F.3d 665, 674 (6th Cir. 2007); DePiero v. City of Macedonia, 180 F.3d 770, 783 (6th Cir. 1999). The Supreme Court of Ohio and the State of Ohio are immune from suit pursuant to Eleventh Amendment sovereign immunity. Mixon v. State of Ohio, 193 F.3d 389, 396 (6th Cir. 1999); Metz v. Supreme Court of Ohio, 46 Fed. Appx. 228, 236 (6th Cir. 2002).

2. Plaintiff lacks standing under Article III of the Constitution to assert claims against the Department of Jobs and Family Services based on its alleged failure to protect his alleged minor child. Warth v. Seldin, 422 U.S. 490, 499 (1975). "[T]he

plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

3. The Hamilton County Board of Commissioners is not vicariously liable for the actions or decisions of the state courts. Jackson v. Hamilton County Comm'rs, 76 F.Supp. 2d 831, 835-36 (S.D. Ohio 1999). Moreover, the complaint fails to allege facts indicating that the alleged unconstitutional practices of the state courts are the result of a custom or policy adopted by the Board of Commissioners. Monell v. Department of Social Serv. of City of New York, 436 U.S. 658, 694 (1978).

4. Since Plaintiff's federal constitutional claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. See Hankins v. The Gap, Inc., 84 F.3d 797, 802-03 (6th Cir. 1996).

## Conclusion

For the reasons stated, Plaintiff's objections to the Report and Recommendation are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Defendants' motions to dismiss are well-taken and are **GRANTED.** Plaintiff's federal constitutional claims against the judicial officers and the Hamilton County Board of Commissioners are **DISMISSED WITH PREJUDICE.** Barnes v. Winchell, 105 F.3d 1111, 1123 (6th Cir. 1997); e.g., Sigler v. Twyford, No. 93-3891, 1994 WL 66663 at *1 (6th Cir. Mar 4.,

1994). Plaintiff's federal constitutional claims against the Supreme Court of Ohio, the State of Ohio, and the Hamilton County Department of Job and Family Services are **DISMISSED WITHOUT PREJUDICE.** S & M Brands, Inc. v. Cooper, 527 F.3d 500, 513 (6th Cir. 2008); Huebner v. Ochberg, 87 F.R.D. 449, 452 (E.D. Mich. 1980). Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE. THIS CASE IS CLOSED.**

   **IT IS SO ORDERED**

Date February 14, 2012     s/Sandra S. Beckwith
            Sandra S. Beckwith
         Senior United States District Judge